OPINION of the Court, by
Judge Owsi/ey.
This writ of error is brought to reverse a decree of the couil below, pronounced in a suit brought in that court by the defendant in error against the plaintiffs, a pail of whom are infants. The decree is made absolute against all the defendants in that court, without giving the infants a day after they arrive at full age to shew cause. This, yve apprehend, is a fatal objection to the decree: for *12 courts of chancery at all times are careful of the rights of infants, and to preserve and guard their interests have adopted as a general rule of practice, never to make a decree against an infant without giving him a day after he comes of full age to shew cause.- — See Hind’s Ch. Pi*. 433. It is true this rule, in some instances, has been departed from by the English courts in practice 5 but we are aware of no case where it has been held not to apply to a decree (such as in the present case) for the partition of lands. But if such a case could be found, we should greatly hesitate in recognizing its authority; for it is evident every reason which could in any respect have conduced to the adoption of such a rule, concurs, strongly to require its application to the present case. Because, therefore, a day was not given to the infant defendants in that court to shew cause after they became of Ml age, the decree must be reversed.
A guardian being appointed to defend for the infants, it Was erroneous to hear the caufe without anfwer* or farther proceedings to compel an anfwer.
An appearance byattorney does not cure the error — v<*e Vol 3, Shields's heirs vs Bryant, 5*5. — ¿earuy't heirs vs Rearaen J»t*
We would not be understood as having decided on the merits of the matter in contest: for as the decree, for the reason just mentioned, must be reversed, before we could regularly determine what decree should be made on the merits, it became necessary to inquire whether the proceedings were so regular as would authorise any decree; and on making this inquiry, it is manifest the proceedings against the infants are in other respects evidently erroneous.
It was clearly irregular to proceed to a hearing of the cause without an answer having been previously filed on behalf of the infants by their guardian, and without any farther proceedings being had against them after making the order appointing their guardian. This irregularity, we are of opinion, is not cured by the subsequent appearance of the defendants by their attorney: for as according to the settled rules of practice, infant defendants cannot regularly appear by attorney, an entry of their having so appeared cannot in any respect affect their case.
The cause must therefore not only be reversed, but remanded to the court below for new proceedings, to commence at the .order appointing a guardian. The plaintiffs in error must recover their costs in this court.